CIACCIO, Judge.
Plaintiff, Gale Hamilton, appeals from a trial court judgment dismissing her suit against defendant, Otis Elevator Company. We affirm.
The trial judge, in well written reasons for judgment, set forth his findings of fact and conclusions. These are as follows:
Plaintiff, Gale Hamilton, was a passenger in an elevator in a building owned by Ayshire Corporation when the elevator became “stuck” between floors on January 29, 1988.
An Otis Elevator Company employee, Warren Hunter, testified that he went to the location of the elevator, One Poydras Building, to restore the elevator to its normal operating condition. He testified that the floor of the elevator car was at a level two and one-half to three feet above the building floor of the third floor.
After the elevator car doors were opened and Ms. Hamilton was free to leave the elevator car she was offered assistance in exiting the elevator car by Mr. Hunter but she declined.
Plaintiff testified that she jumped out of the elevator and landed on the floor of the building some three or four feet below the elevator car. She testified that she landed on her left side injuring her left shoulder, elbow and knee. At trial on February 13th, 1992 she complained of knee pain during rainy or humid weather. Her medical expenses amounted to $944.71; and her lost income was stipulated at $450.00.
Plaintiff sued the owner of the building known as One Poydras Plaza, and Otis Elevator Company but had settled with the building owner prior to trial and only offered proof as to the fault of Otis Elevator Company in this incident.
The Court finds that the American National Standard Institute Guide for Emergency Evacuation of Passengers for Elevators is not the standard of care applicable to the obligation of Otis Elevator Company. That publication is directed to persons other than elevator technicians who must extricate passengers from elevators without assistance from trained elevator technicians.
No other evidence was offered as to Otis’ duty or the standard of care of elevator technicians called to rescue stranded elevator passengers.
For the reasons set out above, there will be judgment herein dismissing plaintiff’s claim against Otis Elevator Company.
On appeal, plaintiff argues that the trial judge erred in finding no fault on the part of Otis Elevator Company.
In the instant case, plaintiff and Warren Hunter were the only witnesses to testify at trial as to the facts and circumstances surrounding plaintiff’s exiting the elevator and resulting injury. After reading the testimony, we note that plaintiff’s and Mr. Hunter’s versions of the facts are in dispute. However, adhering to the established principle set forth in Rosell v. Esco, 549 So.2d 840 (La.1989) that an appellate court must give great weight to conclusions reached by the trier of fact, and if there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review unless manifestly erroneous, we find no manifest error in the trial court’s findings.
Plaintiff also contends the trial court erred in finding that the American National Standard Institute (ANSI) Guide for Emergency Evacuation of Passengers from Elevators was not the applicable standard of care.
The ANSI guide at issue did not apply to Mr. Hunter, the Otis service technician. As the trial judge correctly noted, the guide is directed to persons other than elevator technicians. The introduction to the guide states:
It is recommended that any evacuation of passengers from elevator cars be performed under the direct supervision of elevator personnel, as their experience *124 and expertise assure the resourcefulness necessary to cope with the various complex hazards which may arise. However, in the event of an emergency, time may be of the essence in evacuating passengers, and waiting for elevator personnel may be impractical. Under emergency conditions, the passenger evacuation must be performed by personnel who are carefully selected and trained as described in this Guide.
Clearly, the procedures recommended by the ANSI guide are for emergency situations when trained elevator personnel are not available.
The trial judge found that plaintiff declined the technician’s offer of assistance and elected to exit the elevator by herself. Although the trial judge found that plaintiff failed to prove the standard of care imposed upon a trained elevator technician, he apparently concluded that the actions of the elevator technician were not negligent under the general negligence standard. We cannot say that this finding was clearly wrong.
For the above reasons, the judgment of the trial court in favor of Otis Elevator Company dismissing plaintiffs claim is affirmed.
AFFIRMED.